IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GALESBURG 67, LLC AND DM PARTNERS | ) |
| Plaintiffs, | ) ) ) |
| v. | ) 15 CV 05650 |
| NORTHWEST TELEVISION, INC., and BRUCE FOX, an Individual, | ) ) ) ) |
| Defendants. | ) ) |

## JOINT MOTION TO DISMISS

Defendant, BRUCE FOX ("Fox") moves this Honorable Court to dismiss the Complaint, pursuant to Rule 12(c) and Rule 12(b)(6), and in support thereof, states as follows:

1. Pursuant to Rule 12(g)(1), Fox is entitled to join any motion permitted under Rule 12, with any other motion contemplated under Rule 12.

2. For the reasons set forth below, Fox seeks the dismissal of the Complaint, with prejudice pursuant to both Rule 12(c) and Rule 12(b)(6).

## MOTION TO DISMISS PURSUANT TO RULE 12(c)

3. Pursuant to Rule 12(c), Fox is permitted to move for judgment on the pleadings.

4. As is readily apparent from the face of the Complaint, notwithstanding any allegations that may be directed to Fox, the only relief sought by the plaintiff entities under Counts I through III is the entry of a money judgment against Defendant Northwest Television, Inc.

5. Notwithstanding the naming of Fox as an individual defendant in the caption of the Complaint, no specific relief is sought by the plaintiff entities against Fox, and therefore, Fox is entitled to judgment on the pleadings.

## MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

6.  Pursuant to Rule 10(c), a copy of a written instrument that is an exhibit to a pleading, is deemed to be a part of the pleading, for all purposes.

7.  As alleged in Paragraph 5 of the Complaint, and evidenced by Exhibits A and B attached to the Complaint, the two Settlement Agreements entered into by Defendant Northwest Television, Inc. and the two plaintiffs entities, respectively, are deemed to be part of the Complaint, for all purposes.

8.  As is readily apparent from the first "Whereas," clause in both Settlement Agreements, the concern addressed by the parties in both agreements involve, "mutually exclusive applications for a *construction permit* for a new television station on Channel 67 at Galesburg, Illinois" (Emphasis added).

9.  Notwithstanding the plain language of the two Settlement Agreements quoted above, the plaintiff entities alleged in Paragraph 8 of the Complaint that, "Northwest agreed to pay Galesburg and DM the sums of $600,000.00 and $450,000.00 respectively (the "Payments") *upon the issuance of an FCC television broadcast station license* from the FCC to Northwest for a broadcast television station license for a channel in Galesburg, Illinois (the "Broadcast License") (Emphasis added).

10. As quoted above, the plain language of the two Settlement Agreements attached as Exhibits A and B -- which reference the issuance of a "*construction permit*" for a new television station on "*Channel 67*", is obviously inconsistent with the allegation in Paragraph 8 of the Complaint -- which specifically references the issuance of "*an FCC television broadcast station license*" for "a channel" in Galesburg, Illinois (Emphasis added).

-3-

11.  Paragraph 10 of the Complaint alleges that, "The [written] Broadcast License was issued by the FCC on September 14, 2012".

12.  Paragraph 11 of the Complaint alleges that, "Despite a written demand by each of Galesburg and DM to Northwest that the Payments be made, Northwest has declined and refused".

13.  Notwithstanding the obvious inconsistency between the plain language of the two Settlement Agreements and the allegations pled in the Complaint, the plaintiff entities fail to attach *either* the alleged Broadcast License or the plaintiff entities' written demand to the Complaint -- failures which could explain or shed light upon the above-identified inconsistency and warrant a dismissal of the Complaint – particularly given the allegation in Paragraph 12 of the Complaint that Defendant Northwest Television, Inc. is in default on the Contracts, "according" to the issuance of the Broadcast License and the written demand propounded by Plaintiffs.

14.  As argued with greater particularly above, Plaintiffs have failed to competently plead a claim for breach of Contract against Defendant Northwest Television, Inc. in Paragraph 16 of Count I of the Complaint.

15.  Absent a colorable claim for breach of contract against Defendant Northwest Television, Inc. the Plaintiffs cannot state a claim against Fox upon which relief can be granted in either Count II or Count III of the Complaint.

16.  Alternatively, and in addition to the above, Plaintiffs have failed to allege facts to support the conclusions pled in Paragraphs 17 and 18 of Count II, as required by the United States Supreme Court in *Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

17. Alternatively, and in addition to the above, Plaintiff have failed to allege facts to support the conclusions pled in Paragraphs 19 through 24 of Count III, as required by the United States Supreme Court in *Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

WHEREFORE, Defendant BRUCE FOX moves this Honorable Court to Dismiss the Complaint, pursuant to Rule 12(c) and/or Rule 12(b)(6), with prejudice.

Respectfully submitted,

**BRUCE FOX**

By: /s/Jeffrey H. Bunn
    One of His Attorneys

Jeffrey H. Bunn (ARDC #3126903)
Latimer LeVay Fyock LLC
55 West Monroe Street, Suite 1100
Chicago, IL 60603
(312) 422-8000
(312) 422-8001 – FAX