# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| GALESBURG 67, LLC and DM PARTNERS | ) ) ) | |
| Plaintiffs, | ) ) | No. 15-cv-5650 |
| v. | ) ) | Judge Ronald A. Guzmán |
| NORTHWEST TELEVISION, INC., and BRUCE FOX, | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

The Court grants in part and denies in part Defendant Fox's Joint Motion to Dismiss [14]. Count I stands. Count II is dismissed without prejudice for failure to comply with Rule 9(b). Count III is dismissed without prejudice with respect to Bruce Fox, and, as there are no longer any claims against him, he is dismissed from this case. Count III is also dismissed without prejudice against Northwest.

## STATEMENT[1]

This case concerns the breakdown of a cooperative strategy to obtain a television broadcasting license from the Federal Communications Commission ("FCC"). During the summer of 2000, Galesburg LLC, DM Partners, and Northwest Television Inc. each bid for a "construction permit" for a new television station on Channel 67 in the Galesbrook, Illinois area. (Compl., [Dkt. # 1], Ex. A, B.) Given the nature of the application process, and the risks created by competition between them, the companies decided that their interests would be better served if Plaintiffs (Galesburg and DM) dropped out of the bid and instead encouraged the FCC to grant

---

[1] The following facts are derived from the complaint and attached exhibits.

the permit to Northwest. (*Id.*) Accordingly, they executed two separate "Settlement Agreements," one between DM and Northwest and one between Galesburg and Northwest, whereby Northwest agreed to pay $600,000 to Galesburg and $450,000 to DM once the FCC issued the license to Northwest. (*Id.* ¶ 8.) That license was issued September 14, 2012. (*Id.* ¶ 10.)

Much to Plaintiffs' surprise, Northwest never paid them — despite a written demand to do so. (*Id.* ¶ 11.) Worse still, Northwest apparently sold the license to another company for $1.25 million dollars and distributed the proceeds to its shareholders, including defendant Bruce Fox. Plaintiffs thus filed a three-count complaint on June 25, 2015, alleging state-law claims for breach of contract (Count I), fraudulent transfer (Count II), and unjust enrichment (Count III). Defendants then filed the instant motion, seeking to dismiss the complaint in its entirety.

## STANDARD OF REVIEW

Rule 12(b)(6) permits a party to move for dismissal where a complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12. To state a claim, a complaint need only contain a short and plain statement showing that the plaintiff is entitled to relief. *See EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). In ruling on a 12(b)(6) motion, the Court must accept as true all well-pleaded factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *See Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009). A complaint may survive a motion to dismiss under Rule 12(b)(6) if it contains sufficient factual allegations to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Specific facts are not

necessary; the statement need only give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (ellipsis in original).

## ANALYSIS

Defendants first move to dismiss the claims against Fox pursuant to Rule 12(c), which permits entry of judgment on the pleadings. The standard for dismissal in this context mirrors that of dismissal under Rule 12(b)(6): it must "appear[] beyond doubt that the plaintiff cannot prove any facts that would support [a] claim for relief." *Forseth v. Vill. of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000) (citation omitted). In light of this standard, Defendants' three-sentence "argument" is a nonstarter: they claim dismissal is appropriate because Fox's name does not appear in Plaintiffs' prayers for relief. Apart from being premature,[2] this argument ignores the basic principle that a *prayer* for relief is not part of a plaintiff's *claim*, and therefore a defect in the former is not a proper basis for dismissal on the pleadings. *See Bontkowski v. Smith*, 305 F.3d 757, 761 (7th Cir. 2002). At bottom, Defendants simply want to dismiss Fox based on what Plaintiffs claim is a clerical error, which the Court will not do. *See* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").

Defendants' arguments do not fare much better under Rule 12(b)(6). With respect to Count I (breach of contract against Northwest), Plaintiffs allege that there existed a valid, blinding contract between the parties (the Settlement Agreements), that they performed their duties under the contract (dropping out of the candidate pool), and that Defendants breached the contract by failing to pay them upon receiving the FCC license, thereby causing Plaintiffs

---

[2] Judgment on the pleadings is appropriate only "after the pleadings are closed." Fed. R. Civ. P 12(c). Clearly, the pleadings are not closed here.

damages. This is all that is needed to state a claim for breach of contract under Illinois law.[3] *See Prima Tek II, L.L.C. v. Klerk's Plastic Indus.*, 525 F.3d 533, 538-39 (7th Cir. 2008).

Nonetheless, Defendants selectively quote portions of the Settlement Agreements and claim that they involved "a construction permit for a new television station" rather than an FCC broadcasting license. Their argument stops there, though, so it is unclear what Defendants are trying to say. Perhaps they are suggesting that the parties never contracted for the broadcasting license as Plaintiffs claim, or that the complaint is somehow at odds with the language of the Settlement Agreement, such that Plaintiffs' claim for breach of contract necessarily fails. But these arguments are either (i) plainly at odds with the factual allegations in the complaint and are therefore irrelevant on a motion to dismiss, or (ii) so underdeveloped that they are waived. *See Montano v. City of Chi.*, 535 F.3d 558, 567 (7th Cir. 2008) (explaining that perfunctory or underdeveloped arguments are waived). Moreover, looking to the content of the Settlement Agreements, it is unclear whether "broadcast license" and "construction permit" are interchangeable. Thus, construed in the light most favorable to Plaintiffs, the Court finds no basis to dismiss Count I at this time.[4]

Concerning Counts II and III, Defendants offer the following two-sentence "argument":

> Alternatively . . . Plaintiffs have failed to allege facts to support the conclusions pled in paragraphs 17 and 18 of Count II. . . . [They] have [also] failed to allege facts to support the conclusions pled in paragraphs 19 through 24 of Count III.

---

[3] Both contracts contain an Illinois choice-of-law clause. Neither party has raised any choice of law concerns, so the Court will assume that Illinois law applies.

[4] Defendants also contend that the complaint should be dismissed because Plaintiffs failed to attach copies of the alleged broadcast license or the written demand for payment. But that is not the law. Under the broad federal notice pleading standards, a plaintiff need only provide sufficient factual *allegations* — not proof — to put the defendant on notice of the complained conduct and allow courts to draw reasonable inferences to that end. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

(Defs.' Mot. Dismiss, [Dkt. # 14], at 3-4.) Ironically, Defendants commit the very mistake of which they accuse Plaintiffs: their arguments are conclusory, underdeveloped, and fail entirely to deal with the substance of the complaint. Nonetheless, for the sake of thoroughness, the Court will address the sufficiency of Counts II and III.

> Count II, which is alleged only against Fox, reads as follows:
>
> 17. The distribution to Defendant Fox was made at a time when Northwest was insolvent and with actual intent to hinder, delay, or defraud Northwest's creditors, Galesburg and DM, and thus constitutes a fraudulent transfer of Northwest's assets to Defendant Fox.
>
> 18. Accordingly, Defendant fox is liable to Galesburg and DM in the amount of $1,050,000 and/or holds $1,050,000 of the distribution he received from Northwest in constructive trust for Galesburg and DM which trust funds should be tendered immediately to Galesburg and DM under applicable law.

(Compl. ¶¶ 17-18.) Although Plaintiffs do not indicate such, the Court will assume that they intended to allege a claim under the Illinois Uniform Fraudulent Transfer Act ("FTA"), 740 Ill. Comp. Stat. §§ 160/1-160/12.

The FTA provides, in part, that a transfer by a debtor is fraudulent if the debtor made the transfer with "actual intent to hinder, delay, or defraud" any creditors. *Id.* § 160/5. It goes on to list eleven "badges of fraud" that should be considered when determining fraudulent intent. *Id.* Based on the allegations in Count II, it appears that only one of those eleven factors is applicable to this case: a "debtor's insolvency at the time of transfer." *Id.* Count II indeed alleges that, but the problem is that this allegation is conclusory and therefore insufficient under Rule 9(b), which requires fraud to be pleaded with particularity. *See* Fed. R. Civ. P. 9(b); *B.E.L.T., Inc. v. Wachovia Corp.*, 403 F.3d 474, 477 (7th Cir. 2005) (applying Rule 9(b)'s standards to claims under the FTA). Specifically, Plaintiffs have failed to provide any basis for Northwest's alleged insolvency or its co-occurrence with the alleged transfer to Fox, which means they have failed to

5

provide any basis for Northwest's alleged fraudulent intent. The Court therefore dismisses Count II for failure to comply with Rule 9(b). *See Vicom, Inc. v. harbridge Merchant Servs., Inc.,* 20 F.3d 771, 777 (7th Cir. 1994) (explaining that circumstances of fraud or mistake under Rule 9(b) include "the identity of the person who made the misrepresentation, the time, the place, the content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiffs.").

Count III fares no better. To state a claim for unjust enrichment in Illinois, a plaintiff must allege that the defendant retained a benefit to the plaintiff's detriment and that the retention of that benefit violates fundamental principles of justice, equity, and good conscience. *HPI Health Care Services, Inc. v. Mt. Vernon Hosp., Inc.*, 525 N.E.2d 672, 675 (1989). However, "unjust enrichment is not a separate cause of action that, standing alone, will justify an action for recovery." *Martis v. Grinnell Mut. Reinsurance Co.*, 905 N.E.2d 920, 927 (2009). "Rather, it is a condition that may be brought about by unlawful or improper conduct as defined by law, such as fraud, duress, or undue influence, and may be redressed by a cause of action based upon that improper conduct." *All. Acceptance Co. v. Yale Ins. Agency*, 648 N.E.2d 971, 977 (1995). The underlying claim may be one for damages or restitution, but "[w]hen an underlying claim . . . is deficient, a claim for unjust enrichment should also be dismissed." *Martis,* 905 N.E.2d at 927. In short, "for a cause of action for unjust enrichment to exist, there must be some independent basis which establishes a duty on the part of the defendant to act and the defendant must have failed to abide by that duty." *Nat'l Union Fire Ins. Co. v. DiMucci*, 34 N.E.3d 1023, 1042 (2015) (citation omitted).

In light of Count II's dismissal, there is no longer an underlying claim or bases to find that Fox was unjustly enriched, and Count III is therefore dismissed insofar as he is concerned.

With respect to Northwest, while the complaint indeed contains allegations of underlying inequitable conduct, the inequity of that conduct appears to be governed by the express contract alleged in Count I, which renders any theory of unjust enrichment inapplicable. *Martis v. Pekin Mem. Hosp., Inc.*, 917 N.E.2d 598, 606 (2009) ("The theory of unjust enrichment is based on a contract implied in law. . . . Where there is an express contract that governs the relationship of the parties, the doctrine of unjust enrichment has no application."). Of course, a plaintiff may plead breach of contract and unjust enrichment in the alternative, but the Seventh Circuit requires clear language to that end: "[Plaintiffs] must use a formulation from which it can be reasonable inferred that [they are pleading in the alternative], such as the use of "either-or" or "if-then" language. *Holman v. Indiana*, 211 F.3d 399, 407 (7th Cir. 2000). There no such language in Count III, and the Court must therefore dismiss it against Northwest as well.

## CONCLUSION

The Court grants in part and denies in part Defendant Fox's Joint Motion to Dismiss [14]. Count I stands. Count II is dismissed without prejudice for failure to comply with Rule 9(b). Count III is dismissed without prejudice with respect to Bruce Fox, and, as there are no longer any claims against him, he is dismissed from this case. Count III is also dismissed without prejudice against Northwest.

**SO ORDERED.**  ENTERED: November 3, 2015

_____
**HON. RONALD A. GUZMÁN**
**United States District Judge**